# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **MARTIN BURRUS** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 12-776 |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.* | : | |
|     **Defendants.** | : | |
| | : | |

## MEMORANDUM OPINION AND ORDER

**Rufe, J.**                                                                                                          September 3, 2013

      Plaintiff, Martin Burrus, filed suit against the City of Philadelphia and police officers Ernest Brown and Bryan Sumter, alleging that he was arrested and incarcerated because the police used an unconstitutional identification procedure and the Defendant officers made false assertions. Defendants have moved for summary judgment.

## I.   FACTS

      The following facts are uncontested. In response to a tip from an informant, Philadelphia police set up a "buy" operation in the area of 52nd and Pentridge Streets on the evening of February 28, 2008. Officers observed a red pickup truck in the area, which the supervisor on the scene, Lt. Charles Jackson, followed. At 34th and Wharton Streets, officers attempted to stop the truck, which reversed direction and struck Lt. Jackson's vehicle, and then made its escape. The truck later was located on South 26th Street, locked and unoccupied. Plaintiff was the registered owner of the truck. Upon being shown Plaintiff's photograph by the detective on the case (who is now deceased), Lt. Jackson and Officers Brown and Sumter each identified Plaintiff as the driver (or similar in appearance to the driver) of the truck. On March 9, 2008, the detective swore out an affidavit of probable cause and an arrest warrant for Plaintiff was issued. Plaintiff

was arrested on charges including aggravated assault on March 17, 2008, and was detained on the grounds that the alleged offenses constituted a parole violation. The charges against Plaintiff were dismissed for lack of a speedy trial on June 7, 2010, and Plaintiff was released after 31 months in custody.

## II. LEGAL STANDARD

A court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] A fact is "material" if it could affect the outcome of the suit, given the applicable substantive law.[2] A dispute about a material fact is "genuine" if the evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party."[3]

A party moving for summary judgment has the initial burden of supporting its motion by reference to admissible evidence[4] showing the absence of a genuine dispute of a material fact or showing that there is insufficient admissible evidence to support the fact.[5] Once this burden has been met, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."[6] In considering a summary judgment motion, the Court does not weigh the evidence or make credibility

---

[1] Fed. R. Civ. P. 56(a).

[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[3] Id.

[4] See Callahan v. A.E.V., Inc., 182 F.3d 237, 252 n.11 (3d Cir. 1999).

[5] See Fed. R. Civ. P. 56(c).

[6] Berckeley Inv. Grp. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006).

determinations; "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [its] favor."[7]

### III. DISCUSSION

Plaintiff contends that contemporaneous records reveal that neither Lt. Jackson nor the Defendant officers could have identified Plaintiff as the driver of the truck based on what they saw on the night in question; instead, their identification was based solely on the photograph of Plaintiff taken from the state Department of Motor Vehicle records after Plaintiff was determined to be the owner of record of the truck. Plaintiff argues that the two factors together – the false claim of identification and the use of a single photograph – combined to create a malicious prosecution of Plaintiff. The single photograph, Plaintiff further argues, was shown as part of an unconstitutional policy of the City of Philadelphia to show police officers lone photographs instead of a photographic array on the theory that police officers are trained observers. Plaintiff does not contend that the suggestive single photograph alone is an unconstitutional due process violation, but that it becomes unconstitutional when the resulting identification is "inherently unreliable" because the officers lacked the opportunity to identify or describe the driver of the truck.[8] Defendants maintain that the identification process was not unconstitutional, that Plaintiff's claims are barred by the statute of limitations, and that qualified immunity shields the defendant officers.

#### A. Statute of Limitations

Claims of false arrest are subject to a statute of limitations measured from the time a

---

[7] Anderson, 477 U.S. at 255.

[8] Plff. Reply at 1-2.

plaintiff had reason to know of the injury; that is, the date of arrest. Borrowing from the Pennsylvania limitations period for corollary tort actions, the limitations period is two years.[9] Plaintiff was arrested on March 17, 2008; his formal arraignment was held on April 15, 2008, and the charges were dismissed on June 7, 2010. Therefore, only the first two events occurred more than two years before this action was filed on February 14, 2012. Plaintiff does not dispute that any claims of false arrest or false imprisonment are time-barred, but argues that the gravamen of his claim is not based on false arrest but on malicious prosecution, and that the statute of limitations did not begin to run on that claim until the charges were dismissed.[10]

The Supreme Court has explained the interplay between a claim of false imprisonment and a claim of malicious prosecution: "a false imprisonment ends once the victim becomes held pursuant to such process-when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process."[11] To establish a claim of malicious prosecution under Section 1983, Plaintiff must be able to prove that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than

---

[9] LeBlanc v. Snavely, 453 F. App'x 140, 142 (3d Cir. 2011).

[10] The Complaint alleges that Defendants "violat[ed] plaintiff's rights to a fair trial and due process of law" and "subject[ed] plaintiff to a malicious prosecution." Compl. ¶¶ 28, 29. Plaintiff also alleges state-law claims of false imprisonment, malicious prosecution and civil conspiracy. Summary judgment will be granted on the claim of false imprisonment as untimely.

[11] Wallace v. Kato, 549 U.S. 384, 389-90 (2007) (emphasis, quotations, citations, and footnote omitted). Although the Supreme Court noted that it had never determined whether a malicious-prosecution claim is cognizable under § 1983, id. at 390 n.2, the Court of Appeals for the Third Circuit has recognized such claims. McKenna v. City of Phila., 582 F.3d 447, 461 (3d Cir. 2009).

4

bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty as a consequence of the legal proceeding.[12] A claim for malicious prosecution accrues on the date that the proceedings terminated favorably to the accused.[13] The case was filed within two years of the dismissal of the charges against Plaintiff, and is therefore timely as to the malicious prosecution claim.[14]

B.  **Malicious Prosecution**

Defendants argue that Plaintiff cannot state a claim for malicious prosecution because the police officers' identification of Plaintiff was not unduly suggestive so as to "intrude upon a constitutionally protected interest."[15] However, Plaintiff cites evidence that the Defendant officers did not have an opportunity to observe the driver of the truck, and therefore had no basis for identifying Plaintiff.[16] Thus, the basis of the alleged constitutional violation here is not the use of a single photograph alone, but the use of a single photograph to create an identification

---

[12] McKenna, 582 F.3d at 461. The first four elements are the same under Pennsylvania law. Kossler v. Crisanti, 564 F.3d 181, 186 n.2 (3d Cir. 2009) (citation omitted). The Court will not discuss the state-law claims of malicious prosecution or of conspiracy (which depends upon the substantive claim) separately, except with regard to the issue of willful misconduct, *infra*.

[13] Suter v. Petrone, No. 05-123, 2006 WL 1453099, at *2 (W.D. Pa. Mar. 14, 2006) (quoting Cap v. K–Mart Discount Stores, Inc., 515 A.2d 52, 53 (Pa. Super. Ct. 1986)).

[14] Defendants argue that the dismissal for a speedy-trial violation did not constitute a favorable termination of proceedings because it did not "indicate the innocence of the accused." Donahue v. Gavin, 280 F.3d 371, 383 (3d Cir. 2002) (internal quotation omitted). Here, all charges were dismissed against Plaintiff and Plaintiff avers that the dismissal was precipitated by the failure of police witnesses to appear and because the Commonwealth was not prepared for trial. Plff.'s Exh. B at ¶ 8. Plaintiff also presented evidence of an alibi witness who would have testified that Plaintiff was with her at the time of the events in question. Plff. Exh. C. Defendants have not produced any evidence as to the reason for the failure to bring Plaintiff to trial in accord with the speedy-trial requirements. The Court therefore denies summary judgment on this basis.

[15] Wray v. Johnson, 202 F.3d 515, 524 (2d Cir. 2000) (internal quotation omitted). "Suggestive procedures are disapproved because they increase the likelihood of misidentification, and it is the admission of testimony carrying such a likelihood of misidentification which violates a defendant's right to due process." Id. (internal quotation omitted).

[16] Pl. Exh. D at 21-22; Pl. Exh. B at 23-24 (evidence that the driver was seen for only 3-5 seconds and that he was clean-shaven, while Plaintiff had a beard at the time).

5

where the officer had no opportunity to observe the suspect. If these allegations are true, they state a claim against the Defendant officers.

### C. Qualified Immunity

The defendant officers move for summary judgment on the basis of qualified immunity, which requires the Court to determine (1) whether the facts alleged by the plaintiff show the violation of a constitutional right; and (2) whether the right at issue was clearly established at the time of the alleged misconduct.[17]

The Court cannot grant summary judgment on the basis of qualified immunity because there exists a material disputed fact. If, as Plaintiff maintains, Defendants had no opportunity to observe the driver of the truck and yet still positively identified Plaintiff's photograph, then they would not be entitled to immunity for falsely inculpating Plaintiff, as Defendants do not dispute that a police officer has a clearly established duty to make an honest identification of a suspect. This factual dispute bars summary judgment on the claim.

### D. Political Subdivision Tort Claims Act

Defendants argue that the state-law claim of malicious prosecution is barred by Pennsylvania's Political Subdivision Tort Claims Act.[18] However, an employee is not immune under the Tort Claims Act where "it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice, or willful misconduct."[19] As discussed above, Plaintiff has produced evidence that the officers identified

---

[17] Pearson v. Callahan, 555 U.S. 223, 236 (2009) (discussing Saucier v. Katz, 533 U.S. 194, 201 (2001)).

[18] 42 Pa. C.S. §§ 8541-42.

[19] 42 Pa. C.S.A. § 8550.

the photograph despite an inadequate opportunity to observe the driver of the truck, and this factual dispute as to the officers' conduct requires that the motion for summary judgment be denied on this claim.

### E. Liability Against the City of Philadelphia

A municipality cannot be held liable under Section 1983 on a vicarious liability theory.[20] It "can be found liable under section 1983 only where the municipality *itself* causes the constitutional violation at issue."[21] It is only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under Section 1983."[22] It is well settled that a government can be liable for failing to adequately train or supervise an employee who acts under color of law in an unconstitutional fashion.[23] However, to establish such liability, a plaintiff must "identify a municipal policy or custom" that was the "moving force" behind the injury, which may be accomplished by demonstrating a direct causal link between the policy or custom and the violation.[24] Plaintiff "must identify a municipal policy or custom that amounts to deliberate indifference to the rights of people with whom the police come into contact."[25]

---

[20] See Monell v. N. Y. City Dep't of Soc. Servs., 436 U.S. 658 (1978); Carswell v. Borough of Homestead, 381 F.3d 235, 244 (3d Cir. 2004).

[21] Carswell, 381 F.3d at 244 (citation omitted).

[22] Monell, 436 U.S. at 694.

[23] See City of Canton v. Harris, 489 U.S. 378, 380 (1989).

[24] Id. at 385, 399, 403-04.

[25] Carswell, 381 F.3d at 244.

Here, Plaintiff has failed to produce evidence that could support his claim of a City of Philadelphia custom or policy that led to the constitutional violations he alleges. The use of a single photograph identification procedure by police officers has not been ruled unconstitutional,[26] and the expert reports do not establish a policy of the City that contravenes constitutional guidelines.[27] Plaintiff has not established that responsibility for the alleged constitutional wrong he suffered may be laid at the City's door.

IV. CONCLUSION

The City's motion for summary judgment will be granted, and the motion of Defendants Brown and Sumter will be denied, except as to the time-barred claim of false imprisonment. An order will be entered.

---

[26] Manson v. Brathwaite, 432 U.S. 98, 115 (1977) (noting that the police officer "was not a casual or passing observer, as is so often the case with eyewitness identification. Trooper Glover was a trained police officer on duty and specialized and dangerous duty . . . .").

[27] The Court notes that the expert report of R. Paul McCauley states that Philadelphia Police Department Directive 33, which sets forth identification procedures, does not address the use of single photographs by police officers. Plffs.' Exh. H.